UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-323 JCM (PAL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| DONALD WALTERS, JR., | |
| Defendant(s). | |

Presently before the court is Donald Walters, Jr.'s petition for a writ of habeas corpus. (ECF No. 91).

This petition is flawed as a result of Mr. Walters' lack of clarity regarding the legal basis for his habeas petition. *See* (*id.*). Although the government views the petition as submitted under 28 U.S.C. § 2255 despite the petition's appearance on a form used for 28 U.S.C. § 2254 petitions (ECF No. 94), Mr. Walters has not indicated within the body of his submission whether this is a habeas filing based upon state or federal proceedings. *See* (*id.*).

Indeed, the petition's contents only add to the confusion. In response to the form's inquiry addressing whether Mr. Walters had exhausted state consideration of the petition, he identifies the issue that "[f]ederal time is not being run concurrent to state time – Federal, not state issue." (ECF No. 91 at 7). However, Mr. Walters also indicates that his 6th Amendment ineffective assistance of counsel claim is also based upon how the state court's judgment—rendered after the federal court's judgment—was effectuated. *See* (*id.*).

Consequently, it is not clear whether Mr. Walters seeks review of a state court judgment or a federal court judgment. *See* (*id.*). This issue is relevant as "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before

**James C. Mahan**
**U.S. District Judge**

those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Indeed, the petition suggests that the state courts have not had an opportunity to confront the question presented by Mr. Walters. *See* (ECF No. 91).

Mr. Walters also requests that counsel be appointed in this case. Local Rule IC 2-2(b) states that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Therefore, petitioner must submit a motion for the appointment of counsel that addresses the relevant legal standard and the facts of this case before the court will consider this question.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Mr. Walters' petition (ECF No. 91) be, and the same hereby is, DENIED as unexhausted.

IT IS FURTHER ORDERED that the government's motion to dismiss the petition (ECF No. 94) be, and the same hereby is, DENIED as moot.

DATED June 7, 2017.

*signature*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -